IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRANDYN JAMES CHARLES OLINGER,

    Plaintiff,

v.

DR. WARREN ROBERTS, et al.,

    Defendants.

Case No. 3:25-cv-00950-MO

ORDER DENYING APPOINTMENT OF COUNSEL

MOSMAN, District Judge.

On August 11, 2025, Plaintiff in this prisoner civil rights case filed a Motion for Temporary Restraining Order (#7). Thereafter, October 8, 2025, he filed an Amended Complaint (#19) in which he included additional facts and new legal theories. He did not, however, file a new request for injunctive relief.

Pursuant to Fed. R. Civ. P. 65(b)(1)(B), the court may issue a temporary restraining order without notice to the adverse party only if the applicant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Although Plaintiff purported to mail a copy of his Motion for Temporary Restraining Order to the Attorney General's Office, that Office was not representing any Defendant. It was not until October 10, 2025 that Defendant Bugher agreed to waive service of process, and Defendant Roberts did so on November 14,

1 - ORDER DENYING MOTION FOR APPOINTMENT
    OF COUNSEL

2025. Because Plaintiff did not provide notification to any Defendant that he sought preliminary injunctive relief, he failed to satisfy Rule 65. The Motion is therefore denied.

The Attorney General's Office is still attempting to obtain waivers of service from the remaining four Defendants in this case. It asks that it be allowed until December 12, 2025 in which to do so. The Motion for Extension of Time (#29) is granted.

Finally, Plaintiff asks the Court to appoint *pro bono* counsel to represent him in this matter. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.*; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this court evaluates Plaintiff's likelihood of success on the merits and his ability to articulate his claim *pro se* in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335-36; *Wilborn*, 789 F.2d at 1331; *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

2 - ORDER DENYING MOTION FOR APPOINTMENT
   OF COUNSEL

Plaintiff has demonstrated sufficient ability to articulate his claims. The facts and legal issues involved are not of substantial complexity. Accordingly, at this stage of the proceeding, there are no exceptional circumstances that require the appointment of counsel under § 1915(e).

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Temporary Restraining Order (#7) and Motion for Appointment of Counsel (#24) are denied. Defendants' Motion for Extension of Time (#29) to waive service is granted. Waiver of service is due December 12, 2025.

IT IS SO ORDERED.

11/19/2025
DATE

*Michael W. Mosman*
Michael W. Mosman
United States District Judge